# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10872

_____

RENE GARCIA,
JAVIER FERNANDEZ,
MACK BERNARD,
WILLIAM PROCTOR,

                                                                         Plaintiffs-Appellees,

versus

EXECUTIVE DIRECTOR, FLORIDA COMMISSION ON ETHICS,
JOHN GRANT,
Commissioner, Florida Commission on Ethics,
GLENTON GILZEAN, JR.,
Chairman, Florida Commission on Ethics,
MICHELLE ANCHORS,
Commissioner, Florida Commission on Ethics,
in her official capacity,
WILLIAM P. CERVONE, et. al.,

2                    Order of the Court                    23-10872

Commissioner, Florida Commission on Ethics,
in his official capacity,

                                                  Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-24156-BB

_____

Before JILL PRYOR, GRANT and LUCK, Circuit Judges.

BY THE COURT:

    Defendants-Appellants' motion to stay, in part, the district court's preliminary injunction is GRANTED. Neither the need to protect third parties, *see Georgia v. President of the United States*, 46 F.4th 1283, 1306 (11th Cir. 2022), nor the statewide as opposed to nationwide coverage of the injunction, *see Wolf v. Cook County, Illinois*, 140 S. Ct. 681 (2020), warrants its broad application to every "public officer," as that term is defined in article 2, section 8(f)(1) of the Florida Constitution, as amended.

    The district court ruled that Rene Garcia and Javier Fernandez were the only public officials in the lawsuit who had standing to challenge the constitutionality of article 2, section 8(f)(2) of the Florida Constitution ("In-Office Restrictions"). Accordingly, we

23-10872              Order of the Court              3

stay that part of the preliminary injunction barring enforcement of the In-Office Restrictions against public officials other than Garcia and Fernandez.